we need not fay whether fuch delivery be good fo as to charge the fheriff himfelf, becaufe here the fheriff afterwards affirmed the receipt by interfering and acting. He did not return it within forty days, and his anfwers are not fatisfactory.

The Court adjudge him to pay a fine of twenty dollars for the contempt, and alfo the cofts of the Rule and attachment, and to ftand committed till the fine and cofts be paid.

## In the matter of M'Kinley & Co. absent debtors.

MUNRO indorfee of a bill of exchange drawn by M'Kinley and Company, fued out an attachment under the Act paffed 4th April 1786, for relief againft abfconding and abfent debtors, and feized *a veffel*, the property of M'Kinley & Co. Afterwards Munro received the amount of the bill from Wheeler his indorfer, but it was agreed between Munro and Wheeler, that the proceedings fhould ftill go on for the benefit of the latter, and Munro be confidered as his truftee. Application was then made on behalf of M'Kinley & Co. to the Recorder for a *fuperfedeas*, upon the ground that plaintiff, after having been fatisfied for his demand, could not ftill retain the attachment. The Recorder allowed the *fuperfedeas*, from which there was an appeal to this Court.

*Per Curiam.* The 22d fection of the Act pro-

vides, " That if any perfon againft whofe eftate " or effects fuch warrant of attachment fhall be " iffued, fhall at any time before truftees are ap- " pointed, apply to the judge who fhall have iffued " fuch warrant, and *give fuch fecurity as fuch judge* " *fhall direct and approve*, to the perfon or perfons " at whofe inftance fuch warrant iffued, to appear " and plead to any fuit or action to be brought " within fix months thereafter, &c. and to pay all " fuch fums as may be adjudged in fuch fuit or ac- " tion, *then* fuch judge fhall iffue a *fuperfedeas*." And the 23d fection provides, " That in all cafes where, " upon any fuch attachment or attachments, any " fhip or *veffel*, or any part thereof, fhall be feized " or attached, it fhall be lawful for the judge who " fhall have iffued fuch warrant or warrants to " caufe fuch fhip or veffel, or part thereof, fo feiz- " ed or attached, to be valued by indifferent per- " fons; and if any perfon *will give fecurity* to be " approved of by fuch judge, to the people of the " State of *New-York, for the benefit of the creditors* " *of fuch debtor*, to pay the amount of fuch valua- " tion to the truftees to be in fuch cafe appointed, " *then* fuch judge fhall caufe fuch fhip or veffel to " be difcharged from fuch attachment."

Although a payment may be equivalent to giv- ing the fecurity required by the 22d fection of the Act, as has been infifted in the argument, yet that certainly muft be a payment by the principal debt- or, and not by his furety, or one who is collaterally refponfible; the applicants therefore do not come within that fection. The next fection provides ex-

prefsly that the fecurity fhall be given for the be-
nefit of *all the creditors*, and therefore, as the in-
dorfer here who paid the money muft be confidered
as a creditor, he has a right to avail himfelf of this
attachment, and Munro may be confidered a truftee
for his benefit.

If the profecutor is paid, and the applicants
would avail themfelves of it, they muft refort to
their plea.

Let the order be reverfed.

----

## OCTOBER TERM, 1799.

## Cannon, *manucaptor, ads.* Cathcart.

IN January Term laft the defendant as fpecial
Bail was relieved, and an *exoneretur* was ordered
to be entered, on payment of cofts. The cofts not
having been paid, the proceedings went on ; and
now it was moved by *Burr* to have him relieved,
on the ground that cofts never having been de-
manded, or a bill exhibited, there was no neglect
on the part of the defendant in not having paid
them.

*Per Curiam.* The difcharge ordered at laft Ja-
nuary Term was conditional, and it was the duty of
defendant to have paid the cofts to plaintiff, with-
out waiting for a demand, or the tender of a bill.
If he is relieved now, it muft be on payment *in-*